IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA WHITE-WILKERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 4:18-cv-18-00663 |
| | § | JURY |
| BYRON ANTHONY AND | § | |
| TYSON FOODS, INC. | § | |
| Defendants. | § | |

# DEFENDANTS BYRON ANTHONY AND TYSON FOODS, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Federal Rule of Civil Procedure 81, and Local Rule 81, Defendants, Byron Anthony and Tyson Foods, Inc., hereby remove to this Court, the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C. § 1446(a), Defendants, Byron Anthony and Tyson Foods, Inc., sets forth the following "short and plain statement of the grounds for removal."

### A.   THE REMOVED CASE

1.   The removed case is a civil action filed with the 284th Judicial District Court of Montgomery County, Texas, on or about January 18, 2018, styled *Brenda White-Wilkerson v. Byron Anthony and Tyson Foods, Inc.*; Cause No. 18-01-00689 (the "State Court Action"). The case arises from an alleged personal injury sustained by Plaintiff, Brenda White-Wilkerson ("Plaintiff"), on or about January 16, 2016, in a motor vehicle collision occurring in Willis, Texas, between the vehicle in which she was a passenger and a vehicle operated by Defendant, Byron Anthony

("Anthony"), and owned by Defendant, Tyson Foods, Inc. ("Tyson") (collectively, "Defendants").

### B. DOCUMENTS FROM REMOVED ACTION

2. Pursuant to Local Rule 81 and 28 U.S.C. 1446(a), Defendants attach the following documents to this Notice of Removal as ***Exhibit "A"***:

    (1) All executed process in the case;

    (2) Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

    (3) The docket sheet;

    (4) An index of matters being filed; and

    (5) A list of all counsel of record, including addresses, telephone numbers and parties presented.

### C. REMOVAL PROCEDURE

3. Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441. The Houston Division of the Southern District Court of Texas is the United States district and division embracing Montgomery County, Texas – the county in which the State Court Action is pending.

4. Tyson was served with a copy of Plaintiff's Original Petition & Request for Disclosure, ("the Petition") on January 30, 2018, through its registered agent. Therefore, this Notice of Removal is filed within the time limits specified in 28

U.S.C. § 1446(b).

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders in the State Court Action as of the date of this pleading are attached hereto as ***Exhibit "A"*** and incorporated herein for all purposes.

6. Defendants will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the 284th Judicial District Court of Montgomery County, Texas, where the action is currently pending.

### D.  VENUE IS PROPER

7. The United States District Court for the Southern District of Texas is the proper venue for removal of the state court action pursuant to 28 U.S.C. § 1441(a) because the 284th Judicial District Court of Montgomery County, Texas, is located within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

### E.  COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

8. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

9. As admitted in his Petition, Plaintiff is an individual who resides in Houston, Texas."[1]

10. Tyson is a foreign corporation formed under the laws of the State of Delaware. Tyson's primary place of business is in Springdale, Washington County,

---

[1] *See* Pl. Original Petition & Request for Disclosure at § III.

Arkansas. Pursuant to 28 U.S.C. § 1332(c)(1), Tyson is a not a citizen of the State of Texas.

11. Byron Anthony is an individual residing in the State of Oklahoma, as admitted in Plaintiff's Original Petition.[2]

12. Because Plaintiff is a resident of the State of Texas and Defendants are not, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

F. **THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

13. Plaintiff alleges in his Original Petition that she seeks damages that exceed "$500,000."[3] Plaintiff also seeks to recover damages against Defendants for: (a) past and future medical expenses; (b) past lost wages and future loss of earning capacity; (c) past and future physical pain and suffering; (d) past and future mental anguish; and (e) past and future physical impairment.[4]

14. Therefore, based on all of the aforementioned facts, the State Court Action may be removed to this Court by Tyson accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $ 75,000, exclusive of interest and costs.

G. **FILING OF REMOVAL PAPERS**

15. Pursuant to 28 U.S.C. § 1446(d), Tyson is providing written notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this

---

[2] *See, id.*
[3] See Pl. Original Petition at § II.
[4] *Id.* at § VII.

Notice with the Clerk of the 284th Judicial District Court of Montgomery County, Texas in which this action was originally commenced.

### H. CONCLUSION

16. Defendants, Byron Anthony and Tyson Foods, Inc., hereby remove the above-captioned action from the 284th Judicial District Court of Montgomery County, Texas, and requests that further proceedings be conducted in the United States District Court for the Southern District of Texas, Houston Division, as provided by law.

Respectfully submitted,

By:     /s/ Zach T. Mayer
Zach T. Mayer
State Bar No. 24013118
District Bar No. 604832
Email: zmayer@krcl.com
Brian J. Fisher
State Bar No. 24032178
District Bar No. 902655
Email: bfisher@krcl.com

**KANE RUSSELL COLEMAN LOGAN PC**
1601 Elm Street, Suite 3700
Dallas, Texas 75201
Telephone: 214.777.4200
Facsimile: 214.777.4299

Andrew J. Mihalick
State Bar No. 24046439
District Bar No. 595221
Email: amihalick@krcl.com

**KANE RUSSELL COLEMAN LOGAN PC**
Galleria Tower II
5051 Westheimer Road, 10th Floor
Houston, Texas 77056
Telephone: 713.425.7400
Facsimile: 713.425.7700

**ATTORNEYS FOR DEFENDANTS**
**BYRON ANTHONY AND**
**TYSON FOODS, INC.**

## CERTIFICATE OF SERVICE

      This is to certify that on the 1st day of March, 2018, a true and correct copy of the foregoing has been forwarded to all counsel of record, as follows:

**Via eFileTexas.gov**
**Via Email:** roger@bstrial.com
Roger A. Sullivan
BRANN SULLIVAN TRIAL LAWYERS, PLLC
602 Sawyer, Suite 700
Houston, Texas 77007

                                    /s/ Zach T. Mayer
                                      Zach T. Mayer