UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA WHITE-WILKERSON, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:18-CV-00663 |
| | § | |
| TYSON FOODS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

**I. INTRODUCTION**

Pending before the Court are the defendants', Byron Anthony ("Anthony") and Tyson Foods, Inc. ("Tyson") (collectively, the "defendants"), motion for summary judgment (Dkt. No. 10) and brief in support (Dkt. No. 11). The plaintiff, Brenda White-Wilkerson (the "plaintiff"), has failed to file a response in opposition to the defendants' motion for summary judgment and the time for doing so has long elapsed. Accordingly, pursuant to S.D. Tex. L.R. 7.4, the plaintiff's "[f]ailure to respond to a motion will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4. After having carefully considered the motion, the pleadings, the record and the applicable law, the Court determines that the defendants' motion for summary judgment should be **GRANTED**; the plaintiff's claims should be **DISMISSED**.

**II. FACTUAL OVERVIEW**

On January 18, 2018, the plaintiff filed the instant action against the defendants in the 284th Judicial District Court of Montgomery County, Texas for personal injuries

allegedly sustained when, while traveling as a passenger in a motor vehicle, owned by Tyson and driven by Anthony, she was involved in a collision on the northbound entrance ramp of Interstate 45 in Willis, Texas on January 16, 2016. As a consequence, the plaintiff asserts various claims sounding in negligence against the defendants. Specifically, she asserts a general negligence claim against Anthony and claims for negligent entrustment and respondeat superior against Tyson. (*See* Dkt. No. 1, Ex. 2).

On March 1, 2018, the defendants timely removed the matter to this Court pursuant to 28 U.S.C. § 1332. The defendants now move for a summary judgment on the plaintiff's claims, arguing that they are barred by the applicable statute of limitations.

## III. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986)).

IV. **ANALYSIS AND DISCUSSION**

A federal court, sitting in diversity, applies the forum state's statute of limitations and accompanying tolling rules. *See Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1145

(5th Cir. 1997) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 - 53 (1980)). It is well-settled law in Texas that a negligence claim for personal injury must be brought no "later than two years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.003(a). A cause of action for personal injury generally accrues at the time of the injury. *See Timberlake v. A.H. Robins Co., Inc.*, 727 F.2d 1363, 1364 (5th Cir. 1984) (citing *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex. 1977)). "An exception to this rule has been applied . . . however, 'in some situations in which a claimant was unable to know of [her] injury at the time of actual accrual; th[is] exception is known as the discovery rule.'" *Id.* Further, "in order to 'bring suit' within the two-year statute of limitations period, the plaintiff must use diligence in serving the defendant with process when service occurs after the expiration of the limitations period." *See Paredes v. City of Odessa*, 128 F. Supp. 2d 1009, 1016 (W.D. Tex. 2000) (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990)).

Here, the plaintiff's causes of action against the defendants for personal injuries sustained from the motor vehicle collision accrued when she was injured on January 16, 2016. More than two years later, on January 18, 2018, the plaintiff filed the instant civil action against the defendants in the 284th Judicial District Court of Montgomery County, Texas. Service of process, however, was not effectuated upon Tyson until January 30, 2018, through its registered agent, with service completed on Anthony on or after January 23, 2018.[1]

---

[1] A Non-Resident Citation was issued by the Clerk of Court of Montgomery County, Texas on January 23, 2018. (*See* Dkt. No. 1, Ex. 1).

The defendants now move for a summary judgment on the plaintiff's negligence claims, arguing that the statute of limitations bars the plaintiff's claims. The plaintiff has failed to file a response to the defendants' motion or proffer *any* summary judgment evidence raising a fact issue as to whether the discovery rule and/or tolling rules are applicable here or whether diligence was used to effect service on the defendants. Since it is undisputed that the plaintiff's negligence suit falls outside of the two-year statute of limitations period found in § 16.003(a), her claims against the defendants are untimely and must be dismissed.

## V. CONCLUSION

Based on the foregoing analysis and discussion, the defendants' motion for summary judgment is **GRANTED**.

It is so **ORDERED**.

SIGNED on this 21st day of March, 2019.

_____
Kenneth M. Hoyt
United States District Judge